## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY CRESPO, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 3:14-cv-0239 |
| | ) |
| v. | ) Judge Kim R. Gibson |
| | ) |
| WILLIAM J. HIGGINS, JR., District | ) |
| Attorney of Bedford County; JOHN | ) |
| KERESTAS, Superintendent; and JOHN | ) |
| E. WETZEL, Secretary, Pennsylvania | ) |
| Department of Corrections, | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM OPINION

**Kim R. Gibson, United States District Judge**

Barry Crespo ("Crespo" or "Petitioner") filed a counseled Petition for Writ of Habeas

Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254, challenging

his March 13, 2009, convictions for six counts each of corruption of minor and indecent assault,

five counts of aggravated indecent assault, and one count each of involuntary deviate sexual

intercourse ("IDSI"), unlawful contact with a minor, and statutory sexual assault. On June 18,

2009, Crespo was sentenced to an aggregate sentence of 20 – 40 years of imprisonment. Crespo

raises six claims in his habeas petition. The case was referred to United States Magistrate Judge

Cynthia Reed Eddy for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)

and the Local Rules for Magistrate Judges.

The Report and Recommendation ("R&R") filed on December 12, 2016, recommended

that the Petition be dismissed because Crespo does not assert any meritorious claims for habeas

1

relief and that a certificate of appealability be denied. (ECF No. 36.) On December 18, 2016, Petitioner, through counsel, filed his twenty-page Objections to the R&R. (ECF No. 37.) Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

In essence, Crespo objects to the R&R in its entirety. The Court has engaged in a *de novo* review of all pleadings and documents, together with the R&R and the Objections thereto. Only certain objections merit discussion above and beyond that which is included in the R&R. *See U.S. v. Raddatz,* 447 U.S. 667, 676 (1980) ("The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations.") All objections – whether expounded upon in this Memorandum Opinion or not – received a *de novo* review by the Court. The Court finds, for the following reasons, no reason to disturb the magistrate judge's recommendation. Indeed, the record shows that Crespo's claims fail for both the procedural and substantive reasons explained in the R&R.

Initially, Petitioner raises three "factual errors not in the form of objections." Obj. at 2. Each of these "factual errors" can be summarily dismissed. First, Petitioner objects to the magistrate judge sua sponte naming "District Attorney William Higgins" as a respondent. Pursuant to Local Rule 2254(B), the District Attorney of the county in which the petitioner was convicted and sentenced <u>must</u> be named as a respondent. Next, Crespo argues that the magistrate judge erred in not finding that Petitioner's trial co-counsel, Philip Masorti, also labored under a

2

conflict of interest. However, because it was recommended that counsel Lance Marshall was not operating under a conflict of interest, there was no need to address the argument that Marshall's conflict of interest was imputed to his co-counsel. Crespo's third and final "factual error" is that the Magistrate Judge mischaracterized his argument by stating that he was arguing that the "Bedford County District Attorney's Office" concealed the facts of Marshall's conflict of interest. Crespo argues that he never argued that the Bedford County District Attorney's office "concealed" the facts. However, the Court notes that Crespo does argue that the knowledge of the State Attorney General's office should be imputed to the Commonwealth's "representative in this case," (Pet. at 58, ECF No. 1), which is the Bedford County District Attorney's office.[1] The R&R noted that Petitioner failed to provide any legal support as to how knowledge possessed by the Centre County District Attorney's Office or the Attorney General's Office, neither of which were involved in the prosecution of Crespo in Bedford County, must be imputed to the Bedford County District Attorney. Therefore, the report correctly analyzed the claim only as to any knowledge that the Bedford County District Attorney's Office would possess.

Turning to the merits of the objections, the Court will consider each in turn.

First, Crespo objects to the recommendation that his conflict claims (Claim I) be dismissed for failure to overcome the procedural default. Crespo raised this claim for the first time in his second PCRA petition. Both the PCRA trial court and appellate court refused to address the conflict claims on the merits, finding that the claims were untimely and without

---

1    Petitioner also argued that while he "presently has no basis to allege that the Bedford County District Attorney's Office had actual notice that Marshall was being investigated for serious crimes at the same time he was representing petitioner, that does not mean that it did not have actual notice." Reply at 8 (ECF No. 18).

exception to be heard in a second PCRA petition. Thus the claims are procedurally defaulted. Crespo relying on *Martinez v. Ryan,* – U.S. ---, 132 S.Ct. 1309 (2012), argues that he can overcome the procedural default.

A petitioner cannot be excused from default if the underlying ineffectiveness claim is insubstantial, lacks merit or factual support, or the attorney on collateral review did not perform below constitutional standards. *Martinez,* 132 S.Ct. at 1319. After thoroughly canvassing the record and the case law, the magistrate judge recommended that the claim be dismissed as Crespo had not shown that his counsel's performance was unreasonable or that his counsel acted under a conflict of interest.[2] After *de novo* review, the Court agrees with this recommendation.

Next, Crespo objects to the recommendation that Claim II be dismissed. In Claim II, Crespo contends that the state Attorney General's Office was duty bound to disclose to the Bedford County District Attorney's office that Marshall was operating under a conflict of interest. And that the failure to disclose this information deprived Crespo of his right to counsel and due process of law. Again, the Court finds no reason to disturb the recommendation of the magistrate judge. First, the Court agrees with the magistrate judge's recommendation that Marshall was not operating under a conflict of interest. Next, Crespo has provided no persuasive authority to support his argument that under the circumstances of this case the Attorney General's office was duty bound to disclose information to the Bedford County District Attorney. Finally, the Court finds unpersuasive Crespo's argument that the knowledge of the state Attorney

---

[2]  During the time of Crespo's prosecution, his counsel was being investigated by the state Attorney General's Office and the Centre County District Attorney's Office for possible criminal violations. However, key to this Court's decision, is that at no time was Marshall being prosecuted or investigated by the Bedford County District Attorney, the office that was prosecuting his client.

4

General's office, or the Centre County District Attorney's office, should be imputed to the Bedford County District Attorney, because they all are representatives of the Commonwealth of Pennsylvania. Similarly, under the circumstances of this case, the Bedford County District Attorney had no duty to learn of any possible conflict or potential conflict Marshall had. It is fundamental that in order to comply with *Brady* and its progeny,[3] "the individual prosecutor has a duty to learn of any favorable evidence known to others <u>acting on the government's behalf in this case,</u> including the police." *Strickler v. Greene*, 527 U.S. 263, 281 (1999) (quoting *Kyles v. Whitley,* 514 U.S. 419, 437 (1995) (emphasis added)). *See also Dennis v. Sec'y, Department of Corrections*, 834 F.3d 263, 284 (3d Cir. 2016) (en banc). The record before the Court is clear that neither the Attorney General nor the Centre County District Attorney's office was acting on behalf of the government in Crespo's Bedford County criminal case. Because this claim has no merit, the Court concludes that Crespo has failed to meet the requirements of *Martinez* and *Strickland* needed to overcome the procedural default.

Third, Crespo objects to the recommendation that Claim III, his claim pertaining to spousal privileges, be dismissed. This claim is procedurally defaulted as it was not properly preserved in state court. Crespo, relying on *Martinez,* attempts to overcome the default. He argues that the magistrate judge erred in finding that Petitioner failed to establish prejudice.

The Court agrees with the recommendation that the first prong of *Strickland* has been met as counsel's performance was deficient in not advising either Petitioner or his wife of their absolute right under state law to refuse to reveal confidential communications between them. The Court also agrees, however, with the recommendation that Petitioner has not demonstrated

---

3    *Brady v. Maryland,* 373 U.S. 83 (1963); *United States v. Agurs,* 427 U.S. 786 (1972); and

the second prong of *Strickland* – the prejudice prong. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). The magistrate judge reviewed the trial transcript and concluded that Crespo's conviction was well-supported by the record. The Court agrees with this conclusion. Petitioner has put forth no credible evidence which leads this Court to determine that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Ultimately, this Court concludes that Crespo has failed to establish the "prejudice" in "cause and prejudice" needed to overcome the procedural default of Claim III. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Strickland*, 466 U.S. at 668.

Fourth, Crespo objects to the recommendation that Claim IV, a stand-alone ineffective assistance of counsel claim regarding counsel's failure to object to the trial court's sentencing scheme, be dismissed. There is no dispute that the claim is procedurally defaulted. Crespo, relying on *Martinez,* attempts to overcome the default. The R&R details the sentencing court's calculations. For example, the R&R highlights that the sentencing court acknowledged the guideline calculation for a IDSI conviction, as well as Crespo's other convictions, but, as required by law, was mandated to impose the statutory mandatory minimum sentence of 10 years on the IDSI conviction. The sentencing transcript clearly reflects that the judge was familiar with both the mandatory aspect of the sentence as well as the discretionary aspects of the sentence. Because the sentencing court complied with both statutory law, i.e., imposing a mandatory

---

*United States v. Bagley,* 473 U.S. 667 (1985).

minimum sentence on the IDSI conviction, and imposing a guideline sentence on Petitioner's

remaining convictions, in fashioning its sentence, Petitioner's objection does not warrant

rejection of the report and recommendation on this issue.

Crespo's fifth objection relates to the recommendation that Claim V, counsel's failure to

deliver promises made in his opening statement, be dismissed. Respondent argues that this claim

was already litigated in state court. Crespo argues that this is a new claim which was not raised

by counsel and invokes *Martinez* to excuse the default. The magistrate judge agreed with

Crespo that this was a new claim and reviewed it *de novo* in light of *Martinez* and *Strickland.*

Crespo argues that the magistrate judge misapplied the *Strickland* prejudice prong when

she found no prejudice from counsel's decision to forego presenting the testimony of several

defense witnesses, contrary to the promises he had made during his opening statement. While

the decision of the Pennsylvania Superior Court on counsel's failure to call these character

witnesses is not binding on this Court, the Court finds this state court appellate decision to be

persuasive and eliminates the need for this Court to separately consider each piece of proffered

testimony. The Superior Court went into great detail addressing why counsel failed to call

certain character witnesses and explaining why Crespo could not establish prejudice:

> Preliminarily, we find that Appellant cannot establish prejudice due to trial
> counsel's failure to call the employees of Nulton Diagnostics. This is because the
> testimony they would have offered was introduced via the investigating officer.
> Thus, the jury was aware that the victim had told others that she intended to get
> Appellant.
>
> We also find that Appellant cannot establish actual prejudice relative to
> trial counsel's decision not to present the Hoffmans and Mrs. Crespo. While the
> Hoffman testimony would have called into question Mrs. Caro's self-serving
> testimony that she did not want to assign Appellant to the victim, it would not
> have impeached the critical testimony of the victim. Additionally, the Hoffman
> testimony could not have overcome the damaging circumstantial evidence that

corroborated the victim's testimony about the second motel incident. Specifically, there was no dispute that Appellant spent several days alone with the victim in a motel room. Additionally, Appellant attempted to cover up his actions by falsifying work documents prior to being accused of the crime. Appellant also provided police with a false alibi and turned over forged telephone records in support thereof. Neither the Hoffmans nor Mrs. Crespo could have offered testimony to lessen the impact of this harmful circumstantial evidence.

Memorandum of Superior Court, No. 788 WDA 2012 , slip op. at 14 (Pa. Super. Ct. August 28, 2013) (ECF No. 17-3). Trial counsel's testimony before the PCRA court also credibly explains why trial counsel elected not to present promised evidence but rather rely on the presumption of innocence. Additionally, the trial transcript reflects that counsel explicitly explained to the jury during his closing why he changed strategies. For these reasons, the Court agrees with the finding that Crespo was not prejudiced by trial counsel's decision to change strategies mid-trial. Crespo has failed to meet the requirements of *Martinez* and *Strickland* needed to overcome the procedural default.

Last, Crespo objects to the recommendation that Claim VI, an ineffective of assistance of counsel claim based on trial counsel's failure to object to a jury instruction, be dismissed. This claim also was procedurally defaulted as it was not properly preserved in the Pennsylvania state courts. The magistrate judge found that Crespo had failed to overcome the procedural default as the claim lacks merits. Crespo objects arguing that the magistrate judge "misapprehended" the objectionable portion of the trial court's instruction on the lack of a prompt complaint. Crespo objects to one line in the instruction and argues that the instruction is objectionable because it prevented any one juror from using the lack of a prompt complaint as the sole factor in finding him not guilty and that his trial counsel was ineffective for failing to object.

8

A reviewing court considering alleged improper jury instructions must not consider "what effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand." *Sullivan v. Louisiana,* 508 U.S. 275, 279 (1993). "The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *Id.*

A review of the complete instruction at issue reflects that it firmly captured the essence of the law. Viewing the totality of the instruction, the Court finds that the instruction properly set forth the correct standard and the appropriate burdens of proof. The Court agrees with the recommendation that this claim lacks merit and, thus, concludes that Crespo has failed to meet the requirements of *Martinez* and *Strickland* needed to overcome the procedural default.

In sum, the Court is in agreement with the conclusion of the Report and Recommendation as supplemented herein and concludes that the Petition should be denied in its entirety and a certificate of appealability should be denied.

An appropriate Order will issue.

_____
Kim R. Gibson
United States District Judge

Dated: February 28, 2017

cc:     **Daniel Silverman**
        Silverman & Associates, P.C.
        (via ECF electronic notification)

        **William J. Higgins**
        Bedford County District Attorney's Office
        (via ECF electronic notification)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY CRESPO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:14-cv-0239 |
| | ) | |
| v. | ) | Judge Kim R. Gibson |
| | ) | |
| WILLIAM J. HIGGINS, JR., District | ) | |
| Attorney of Bedford County; JOHN | ) | |
| KERESTAS, Superintendent; and JOHN | ) | |
| E. WETZEL, Secretary, Pennsylvania | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

**AND NOW**, this $\underline{28^{th}}$ day of February, 2017, it is hereby **ORDERED, ADJUDGED AND**

**DECREED** that for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 36), as

supplemented by the Memorandum Opinion filed contemporaneously herewith, is **ADOPTED** as the

Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of

the Federal Rules of Appellate Procedure.

BY THE COURT:

Kim R. Gibson
United States District Judge

Dated: February 28, 2017

cc:     **Daniel Silverman**
        Silverman & Associates, P.C.
        (via ECF electronic notification)

        **William J. Higgins**
        Bedford County District Attorney's Office
        (via ECF electronic notification)